# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC., <br><br> Plaintiffs, <br> v. <br><br> DAVID ARFFA and ROBIN MEISSNER, <br><br> Defendants. | Civil Action No. 8:08-CV-02766 <br><br><br> (Honorable Deborah K. Chasanow) |

**MOTION TO DISMISS IMPROPER PARTY AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, TO TRANSFER VENUE**

In accordance with Federal Rule of Civil Procedure 12(b) subsections (2), (3) and (7) as well as Title 28 of the United States Code section 1404(a), Defendant Robin Meissner (Meissner) hereby moves for the dismissal of this case against her as she is not the proper party and she is not subject to the personal jurisdiction of this Court or, alternatively, that this case be transferred to the United States District Court for the District of Arizona, Phoenix Division, the proper judicial district. The alternative motions are supported by the simultaneously-filed Memorandum of Points and Authorities as well as the referenced appendices. As explained therein, Meissner is an improper party over which this Court lacks personal jurisdiction; thus, dismissal and/or removal of the matter is warranted.

RESPECTFULLY submitted this 2nd day of December 2008.

                                              **ONISILE LAW FIRM, P.L.L.C.**

                                              /s/
                                              Olabisi Onisile, MD Bar No. 16152
                                              1928 E. Highland Ave., Suite F104-472
                                              Phoenix, Arizona 85016
                                              Tel: (602) 751-0052 / Fax: (602) 445-4967
                                              Email:  olabisi@onisilelaw.com
                                              (*Attorney for Defendant Robin Meissner*)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC., <br><br> Plaintiffs, <br> v. <br><br> DAVID ARFFA and ROBIN MEISSNER, <br><br> Defendants. | Civil Action No. 8:08-CV-02766 <br><br><br> (Honorable Deborah K. Chasanow) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MEISSNER'S MOTION TO DISMISS IMPROPER PARTY AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, TO TRANSFER VENUE**

Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc (collectively referred hereto as CoStar), corporations organized under the laws of Delaware with their principal place of business and corporate offices in Maryland, filed the instant Complaint in the United States District Court for the District of Maryland, alleging breach of contract, contributory and vicarious copyright infringement, and fraud by Robin Meissner (Meissner), an Arizona resident, on the purported basis that Meissner violated the terms of the License Agreement with CoStar. (*See generally* Complaint.) In accordance with Federal Rule of Civil Procedure 12(b) subsections (2), (3) and (7) as well as Title 28 of the United States Code section 1404(a), Defendant Robin Meissner (Meissner) hereby moves for the dismissal of this case against her as she is not the proper party and, more importantly, she is not subject to the personal jurisdiction of this Court or, in the alternative, that this case be transferred to the United States District Court for the District of Arizona, Phoenix Division, the proper judicial district. As set forth in the following Memorandum of Points and Authorities, Meissner is an improper party as she is not a party to the License Agreement and, additionally, she does not have the requisite minimum contacts with the

State of Maryland constitutionally needed to confer personal jurisdiction or support a finding of proper venue. Therefore, dismissal and/or removal is mandated.

## ARGUMENT

I.  **THE LICENSE AGREEMENT IS BETWEEN COSTAR AND TWINKLE APPRAISAL, LLC; THE COMPLAINT, IN ITS CURRENT FORM, DOES NOT SET FORTH ANY BASIS FOR ATTRIBUTING PERSONAL LIABILITY TO MEISSNER. MEISSNER IS NOT A PROPER PARTY AND MUST BE DISMISSED.**

As acknowledged by CoStar (Complaint at ¶¶ 4, 21), the License Agreement that forms the basis of this action was executed by Twinkle Appraisal, LLC, an Arizona limited liability company, for access to the CoStar database and software. Twinkle Appraisal, LLC entered into a License Agreement with CoStar in March, 2008. (Appendix A, Affidavit of Robin M. Meissner, at ¶ 5.) Named-Defendant Robin M. Meisner, as the Managing Member of Twinkle Appraisal, LLC, executed the License Agreement with CoStar as an authorized representative of Twinkle Appraisal, LLC and not in her individual capacity. (*Id*. at ¶¶ 4-5.) The associated charges were billed to a corporate account held in the name of Twinkle Appraisal, LLC. (*Id*. at ¶ 5.) The related services were utilized solely for the benefit of Twinkle Appraisal, LLC. (*Id*.) It is well established that a properly-formed corporate entity is legally distinct from its shareholders or members and individual liability does not attached without piercing of the corporate veil or a legal determination disregarding the corporate form. *See, e.g., Bart Arconti & Sons, Inc. v. Ames-Ennis, Inc.*, 340 A.2d 225, 275 Md. 295 (1975).

Contrary to the assertions of CoStar, Twinkle Appraisal, LLC is not a d/b/a of Meissner. (Complaint at ¶ 4.) Twinkle Appraisal, LLC is an Arizona limited liability company organized under the laws of the state of Arizona on December 5, 2005. (Appendix A at ¶ 7.) The company is legally distinct from Meissner personally and has a separate federal tax identification number. (*Id*. at ¶ 6.) Here, CoStar had not presented any allegations sufficient to warrant a piercing of the corporate veil.

(*See generally* Complaint.) Without such, there is no basis for liability against Meissner and she should be dismissed as an improper party, with Twinkle Appraisal, LLC replaced in her stead.

II. **THIS COURT LACKS PERSONAL JURISDICTION OVER MEISSNER BECAUSE SHE DOES NOT REGULARLY CONDUCT OR SOLICIT BUSINESS IN THE STATE OF MARYLAND, ENGAGE IN OTHER PERSISTENT COURSE OF CONDUCT IN THE STATE, OR DERIVE SUBSTANTIAL REVENUE FROM MARYLAND-RELATED TRANSACTIONS. THERE ARE NO FACTS SUFFICIENT TO CONFER SPECIFIC OR GENERAL JURISDICTION BY A MARYLAND COURT. AN ASSERTION OF PERSONAL JURISDICTION OVER MEISSNER WOULD VIOLATE THE TRADITIONAL NOTIONS OF DUE PROCESS.**

Meissner is a current resident of Marana, Arizona and has resided in Arizona since July 2005, with no immediate plans to leave the State of Arizona in the foreseeable future. (Appendix A at ¶ 1.) Her sole residence is maintained in Marana, Arizona and her professional and business activities are limited to the State of Arizona. (*Id.*) Meissner has not incurred or remitted taxes outside the state of Arizona. (*Id.*) She has not purposefully availed herself of the benefits of any other state. (*Id.*) Meissner is an independent general real estate appraiser certified by the State of Arizona, who does not provide professional services outside the jurisdictional limits of the State of Arizona. (*Id.* at ¶ 2.) Meissner has never traveled to or entered Maryland for any business or social purpose. (*Id.* at ¶ 2.) She currently does not have and have not had any meaningful and intentional contact with the State of Maryland. (*Id.*) She does not own, in whole or part, any real property in the State of Maryland. (*Id.*) She has never incurred or remitted taxes in the state of Maryland. (*Id.*)

Meissner is the Managing Member of Twinkle Appraisal, LLC, a real estate appraisal firm which operates in Pima County, Arizona. (*Id.* at ¶ 4.) Twinkle Appraisal, LLC is an Arizona limited liability company organized under the laws of the state of Arizona on December 5, 2005. (*Id.* at ¶ 7.) Twinkle Appraisal, LLC has its principal place of business in Marana, Arizona. (*Id.*) The limited liability company has no investors, board members, shareholders, officers, employees, contractors, or agents in

the State of Maryland. (*Id.*) It does not maintain any offices, bank accounts, business addresses, phone numbers or listings in Maryland. (*Id.*) Twinkle Appraisal, LLC also does not own, rent, lease, or sublease personal or real property located in Maryland and has no equipment or server there; all equipment is located within the State of Arizona. (*Id.*) The Company is neither registered nor licensed to conduct business in Maryland. (*Id.*) Twinkle Appraisal, LLC has not paid or has not been required to pay taxes to the State of Maryland for any reason whatsoever. (*Id.*)

Twinkle Appraisal, LLC has not and does not directly solicit customers from Maryland; it has not directly advertised specifically at Maryland or to the residents of Maryland. (*Id.* at ¶ 8.) Twinkle Appraisal, LLC does not engage in any activity that can be interpreted as doing business in Maryland or directly targeting Maryland residents. (*Id.*) Twinkle Appraisal, LLC does not transact business or solicit customers over the Internet. (*Id.*) The Company utilizes the Internet for informational and research purposes. Twinkle Appraisal, LLC does not have a website. (*Id.*)

When a nonresident defendant timely challenges the existence of personal jurisdiction and the appropriateness of the selected venue, the plaintiff bears the burden of proving that the Court, in fact, does have personal jurisdiction over the nonresident defendant and that the chosen venue is proper. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *Asco Healthcare v. Heart of Texas Health Care*, 540 F.Supp.2d 634, 640-41 (D. Md. 2008); *Ottenheimer Publishers Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649 (D. Md. 2001). To satisfy this burden, the plaintiff must present facts sufficient to establish a prima facie case of personal jurisdiction and proper venue. *Id*. If the allegations in the complaint are controverted by the affidavit or other evidence provided by the defense, the factual assertions of the defense prevail, unless the plaintiff provides conflicting evidence to support the

allegations of the complaint. *Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986); *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982)).

The Maryland District Court may assert personal jurisdiction over a nonresident defendant only to the extent allowed under the state's long-arm statute. Fed. R. Civ. P. 4(k); *ePlus Tech v. Aboud*, 313 F.3d 166 (4th Cir. 2002); *Copies Typewriters Calculators, Inc. v. Toshiba*, 576 F.Supp. 312 (D. Md. 1983). To establish personal jurisdiction over a nonresident defendant, a plaintiff ***must*** identify a specific Maryland statutory provision authorizing jurisdiction. *See John Hopkins Health Systems Corp. v. Al Reem General Trading & Company's Rep. Est.*, 374 F.Supp.2d 465 (Md. 2005). The Complaint, in this matter, fails to identify a specific Maryland statute as to personal jurisdiction. (Complaint at ¶ 9.)

For purposes of this discussion, it is presumed that CoStar would allege Maryland Code, Courts and Judicial Proceedings, section 6-103. The relevant long-arm statute in Maryland provides that:

A court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply goods, food, services, or manufactured products in the State;

(3) Causes tortious injury in the State by an act or omission in the State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the States

(5) Has an interest in, uses, or possesses real property in the State; or

(6) Contract to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provided in writing.

MD Code, Courts and Judicial Proceedings, § 6-103(b). The only subsection that arguably could apply based on the allegations of the Complaint would be subsection (4), which allows the court to exercise

personal jurisdiction over a nonresident defendant who "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the States."[1]

The long-arm statute extends Maryland's exercise of personal jurisdiction to the extent allowed by the Due Process Clause of the Fourteenth Amendment. *ALS Scan, Inc. v. Digital Service Consultants, Inc.*., 293 F.3d 707 (4th Cir. 2002); *Stover v. O'Connell Associates, Inc.*, 84 F.3d 132 (4th Cir. 1996). Thus, the inquiry becomes whether the assertion of personal jurisdiction over the nonresident defendant is consistent with the requirements of due process; that is, (1) has the nonresident defendant purposefully established minimum contacts with the forum state, and (2) if so, does the court's exercise of jurisdiction over the nonresident defendant comports with the traditional notions of fair play and substantial justice. *See Burger King Corp. v. Rudzewiez*, 471 U.S. 462, 476-77, 105 S.Ct. 2174 (1985); *Leather Masters (PVT), Ltd. v. Giampier Ltd.*, 836 F.Supp.328 (D. Md. 1993).

Under the minimum contacts analysis, a court must determine whether the nonresident defendant has purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of the state's laws. *See Burger King Corp.*, 471 U.S. at 474-75, 105 S.Ct. 2174. The purpose of the "minimum contacts" analysis is to determine whether a defendant has a

---

1.  CoStar does not expressly allege or state facts sufficient to raise the inference that Meissner (i) transacts or transacted any business or performs any character of work or service in the State; (ii) contracts or contracted to supply goods, food, services, or manufactured products in the State; (iii) causes or caused tortious injury in the State by an act or omission in the State; (iv) has an interest in, uses, or possesses real property in the State; or (v) contracts or contacted to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provided in writing. (*See generally* Complaint.) Without such allegations, there is no legal or factual basis (or reasonable inference) for the application of these subsections.

surrogate presence in the state. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617 (4th Cir. 1997). A nonresident who does not purposefully avail itself of the privileges and benefits of conducting business in the forum state generally lacks sufficient contacts to establish personal jurisdiction; the purposeful-availment requirement prevents a nonresident defendant from being unfairly haled into distant forums with which there is little or no connection. *Burger King Corp.*, 471 U.S. at 476-77, 105 S.Ct. 2174; *MaryCLE, LLC v. First Choice Internet, Inc.*, 890 A.2d 818 (Md. App. 2006) (explaining that while the nature of the defendant's contacts with Maryland are important in determining whether the exercise of personal jurisdiction over an out-of-state defendant comports with the due process, the court must additionally consider the relationship among the defendant, the forum, and the litigation to determine whether the defendant should reasonably anticipate being haled into court in Maryland). Meissner did not reasonably anticipate being hailed into a Maryland court in her individual or representative capacity on behalf of Twinkle Appraisal, LLC. (Appendix A at ¶ 10.)

The nonresident defendant's contacts can give rise to two types of jurisdiction: specific jurisdiction, which is established when the cause of action arises out of, or relates to the defendant's contacts with the forum state, or general jurisdiction, which is established by the defendant's continuous and systematic contacts with the forum. *Burger King Corp.*, 471 U.S. at 472, 105 S.Ct. 2174; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, (1984). Under specific jurisdiction, the minimum contact analysis focuses on the relationship among the defendant, the forum, and the litigation. *Id*. Specific jurisdiction exists when a defendant purposefully directs its activities at the forum state and the "litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id*. For a Maryland court to exercise specific jurisdiction over a nonresident

defendant, two requirements must be met: (1) the defendant's contacts with the forum must be purposeful, and (2) the cause of action must arise from or relate to those contacts.

Whereas, general jurisdiction allows a forum to exercise jurisdiction over a defendant even if the cause of action did not arise from or relate to a defendant's contacts with the forum when the defendant's contacts with the forum are "continuous and systematic" but the minimum contacts analysis for general jurisdiction is more demanding than that for specific jurisdiction and requires a showing of substantial activities within the forum state. *ESAB Group, Inc.*, 126 F.3d at 628. To exercise general jurisdiction, the court must determine that "the contacts are sufficiently systematic and continuous as to support a reasonable exercise of jurisdiction." *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473 (1984)). "The continuous and systematic contacts test for general jurisdiction 'is a difficult one to meet, requiring extensive contacts between a defendant and a forum.'" *Submersible Sys., Inc. v. Perforadora Central, S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)). Meissner has no ties to or contacts with the State of Maryland. Meissner also does not regularly conduct or solicit business in the State of Maryland, engage in other persistent course of conduct in the State, or derive substantial revenue from Maryland-related transactions. (Appendix A.)

CoStar, in its Complaint, asserts:

> Personal jurisdiction over MEISSNER is proper in this District because (a) by agreeing to a license agreement with CoStar, MEISSNER agreed to be subject to the jurisdiction of Maryland courts; (b) by agreeing to the Terms of Use for the www.costar.com website MEISSNER has consented to the jurisdiction of this Court; (c) MEISSNER has committed tortious and other actionable acts alleged herein with foreseeable consequences in this District, and have caused actual tortious injury in this District; and (d) MEISSNER has purposefully directed her lawful behavior at this District by repeated electronic activity and interaction with CoStar's computer servers in Bethesda, MD when logging into the subscription service at the www.costar.com website for business purposes.

(Complaint at ¶ 9.) With respect to the first two claims, neither contractual provision subject Meissner to the personal jurisdiction of the Maryland court. The latter claims are unsubstantiated.

The License Agreement, in relevant part, provides:

> <u>Choice of Law; Jurisdiction; International Arbitration.</u> This Agreement shall be construed under the laws of the State of Maryland of the U.S. without regard to choice of law principles. The federal and state courts located in the State of Maryland shall be the exclusive jurisdiction for any action ***brought against CoStar*** in connection with this Agreement or use of the Licensed Product. Licensee irrevocably consents to the jurisdiction of the federal and state courts located in the State of Maryland or in any State where Licensee's Authorized Users are located, for any action against Licensee in connection with this Agreement or use of the Licensed Product.

(Appendix B, Terms of Use, at Paragraph 17.) The provision only requires that a suit against CoStar be filed in Maryland. A licensee consents to the jurisdiction of any State where Licensee's Authorized Users are located. In this case, the authorized user is located in Arizona, the proper forum for this case.

Contrary to CoStar's assertions, this Court does not have personal jurisdiction because: (1) Meissner, aside for the remote transmission of electronic signals over the Internet, has not contact with the State of Maryland, as such transmission cannot form the basis of personal jurisdiction, *see generally ALS Scan Inc.*, *supra*; and (2) there is no substantiated evidence of continuous and systematic contact by Meissner. The facts clearly established that Meissner does not regularly conduct or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State. The long-arm statute dictates a showing of "regular conduct of business in the state." *Ritz Camera Centers, Inc. v. Wentling Camera Shops, Inc.*, 982 F.Supp. 350 (D. Md. 1997). No such showing has been made in this case.

Meissner has been a resident of Marana, Arizona since July 2005. (Appendix A at ¶ 1.) Her personal, professional and business activities are limited to the State of Arizona. (*Id.*) Meissner is an independent general real estate appraiser certified by the State of Arizona, who does not provide

professional services outside the jurisdictional limits of the State of Arizona. (*Id.* at ¶ 2.) She has never even traveled to or entered Maryland for any business or social purpose. (*Id.* at ¶ 2.)

The only alleged contacts with the State of Maryland is by the transmission of information over the Internet, by which she could not reasonably anticipate being haled in Maryland court based on any of these contacts. Under these circumstances, an assertion of personal jurisdiction by this court would be unreasonable. In considering the fairness inquiry, a court considers: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in further fundamental social policies. *Presbyterian University Hosp. v. Wilson*, 637 A.2d 486 (Md. App. 1994). A balancing of these factors weighs in favor of Meissner. CoStar's interest in securing relief will be properly protected by an Arizona court. The burden on Meissner is great. Litigation in Maryland would cause dire financial hardship and undue burden to Meissner and Twinkle Appraisal, LLC and would materially prejudice their ability to defend their interests in this action. (Appendix A at ¶ 11.) Meissner is the sole representative of Twinkle Appraisal, LLC certified to conduct real estate appraisals and travel to Maryland, for purposes of this action, would cause the cessation of all business. (*Id.*) Arizona also has an interest in making sure that its corporate residents are covered by its laws. Finally, both Maryland and Arizona have a shared interest in protecting the federal due-process guarantees. The Internet is of a global reach and to adopt CoStar's expansive approach would require the court to find that Meissner and other subscribers are subject to the jurisdiction of any country where CoStar chooses to house their servers, regardless of whether the subscriber has minimum contacts with the jurisdiction - a position offensive to the notions of due process.

The "fiduciary shield doctrine" also protects Meissner. Under Maryland law, the doctrine limits reach of the long-arm statute with respect to jurisdiction over an individual who acts solely as representative of corporate entity, rather than on their own behalf, protecting the individual from suit s/he did not personally avail himself/herself of the laws and protection of the state in any meaningful way. *U.S. v. Undetermined Quantities of Articles of Drug*, 145 F.Supp.2d 692 (4th Cir. 2001); *Christian Book Distributors, Inc. v. Great Christian Books, Inc.*, 768 A.2d 719 (Md. App. 2001). Neither specific or general jurisdiction is present in this case and dismissal is warranted under Federal Rule of Civil Procedure 12(b)(2).

## III     THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND IS THE IMPROPER VENUE FOR THIS ACTION.

With respect to venue, CoStar claims that,

> Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action is situated in this District.

(Complaint at ¶ 7.) The general venue statute, in pertinent part, provides that a "civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1400(a) ("Civil actions, suits, or proceedings under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.") There is no factual or legal basis for venue in the United States District Court for the District of Maryland.

According to the plain language of the Complaint, the event giving rise to the claims — the unauthorized access of CoStar's products by Codefendant David Arffa through the account opened by Meissner *using, at times, the same computer* to access the database and software — occurred in Arizona, not in Maryland. (Complaint at ¶¶ 28-29.) If any tort was committed by Meissner, it was committed, in large part, in Marana, Arizona, the physical location of the accessing computer. All personal property and equipment, including its computer, are located within the State of Arizona. (Appendix A at ¶ 7.) Neither Meissner nor Twinkle Appraisal, LLC reside in Maryland or "may be found" in Maryland. Venue in a Maryland district court under 28 U.S.C. §§ 1391 and 1400(a) is improper and cannot be sustained; therefore, the complaint should be dismissed for lack of venue or should be transferred to Arizona under 28 U.S.C. § 1404.

## CONCLUSION

For these reasons, Defendant Robin Meissner hereby moves for the dismissal of this case against her as she is not the proper party and she is not subject to the personal jurisdiction of this Court or, alternatively, that this case be transferred to the United States District Court for the District of Arizona, Phoenix Division, the proper judicial district.

RESPECTFULLY submitted this 2nd day of December 2008.

**ONISILE LAW FIRM, P.L.L.C.**

/s/
_____
Olabisi Onisile, MD Bar No. 16152
1928 E. Highland Ave., Suite F104-472
Phoenix, Arizona 85016
Tel: (602) 751-0052 / Fax: (602) 445-4967
Email: olabisi@Onisilelaw.com
(*Attorney for Defendant Robin Meissner*)

## CERTIFICATE OF SERVICE

I hereby certify that service required by Fed.R.Civ.P. 5 was made, and that a true copy of the above document was served upon the attorneys of record by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on December 2, 2008:

William J. Sauers
Shari Lahlou
Crowell and Moring, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

**ONISILE LAW FIRM, P.L.L.C.**

/s/
_____
Olabisi Onisile, MD Bar No. 16152
1928 E. Highland Ave., Suite F104-472
Phoenix, Arizona 85016
Tel: (602) 751-0052 / Fax: (602) 445-4967
Email: olabisi@Onisilelaw.com
(*Attorney for Defendant Robin Meissner*)

# APPENDICES

Appendix A:
Affidavit of Robin Meissner

Appendix B:
Terms of Use