IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC., <br><br> Plaintiffs, <br> v. <br><br> DAVID ARFFA and ROBIN MEISSNER, <br><br> Defendants. | Civil Action No. 8:08-CV-02766 <br><br><br> (Honorable Deborah K. Chasanow) |

**REPLY IN SUPPORT OF MOTION TO DISMISS IMPROPER PARTY
AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
OR, ALTERNATIVELY, TO TRANSFER VENUE**

Defendant Robin Meissner (Meissner), through undersigned counsel, submits the following Reply in Support of her Motion to Dismiss Improper Party and Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively to Transfer Venue, in accordance with Federal Rule of Civil Procedure 12(b) subsections (2), (3) and (7) as well as Title 28 of the United States Code section 1404(a). The arguments presented by Plaintiffs CoStar Realty Information, Inc, and CoStar Group, Inc. in their Response are meritless and, thus, fail as a matter of law. As explained in the attached Memorandum of Points and Authorities as well as the lodged Motion to Dismiss, Meissner is entitled to dismissal of this case or transfer to the United States District Court for the District of Arizona, Phoenix Division.

RESPECTFULLY submitted this 5th day of January 2009.

ONISILE LAW FIRM, P.L.L.C.

/s/
Olabisi Onisile, Bar No. 16152
1928 E. Highland Ave., Suite F104-472
Phoenix, Arizona 85016
Tel: (602) 751-0052 / Fax: (602) 445-4967
Email: Olabisi@Onisilelaw.com
(Attorney for Defendant Robin Meissner)

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID ARFFA and ROBIN MEISSNER, <br><br> Defendants. | Civil Action No. 8:08-CV-02766 <br><br> (Honorable Deborah K. Chasanow) |

## MEMORANDUM OF POINTS AND AUTHORITIES REGARDING MEISSNER'S REPLY IN SUPPORT OF MOTION TO DISMISS IMPROPER PARTY AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, TO TRANSFER VENUE

In accordance with Federal Rule of Civil Procedure 12(b) subsections (2), (3) and (7) as well as Title 28 of the United States Code section 1404(a), Defendant Robin Meissner (Meissner), on December 2, 2008, filed the instant motion, seeking dismissal of this case against her as she is not the proper party and she is not subject to the personal jurisdiction of this Court or, alternatively, that this case be transferred to the United States District Court for the District of Arizona, Phoenix Division, the proper judicial district. The Motion, in large part, provided three arguments for relief in favor of Meissner. First, Meissner was not the proper party because the License Agreement that purportedly formed the basis for the action was between CoStar and Twinkle Appraisal, LLC, an entity distinct from Meissner individually, and the complaint, in its current form, did not set forth any basis for attributing personal liability to Meissner. Second, this Court lacked personal jurisdiction over Meissner because she did not regularly conduct or solicit business in the state of Maryland, engage in other persistent course of conduct in the state, or derive substantial revenue for Maryland-related transactions. Likewise, an assertion of personal jurisdiction over Meissner would violate the traditional notions of due process

because there are no facts sufficient to confer specific or general jurisdiction by a Maryland court. Third, the United States District Court for the District of Maryland is the improper venue for this action.

Plaintiffs CoStar Realty Information, Inc. and CoStar Group, Inc (collectively referred hereto as CoStar), in its Response, raises several arguments in opposition. As thoroughly reasoned in the following Memorandum of Points and Authorities, the arguments asserted by CoStar are without merit and insufficient to warrant the exercise of personal jurisdiction over Meissner or venue in the United States District Court for the District of Maryland. Meissner is an improper party as she is not a party to the License Agreement and, more importantly, she does not have the requisite minimum contacts with the State of Maryland constitutionally required to confer personal jurisdiction or support a finding of proper venue. The forum-selection clause relied upon by CoStar is permissive and does not command that this action must be brought in Maryland. For these reasons, dismissal and/or removal is mandated.

## ARGUMENT

I. **THE PENDING MOTION TO DISMISS WAS BROUGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b) SUBSECTIONS (2), (3) AND (7), NOT SUBSECTION (6); THIS COURT, AS A MATTER OF LAW, NEED NOT ACCEPT AS TRUE THE ALLEGATIONS IN THE COMPLAINT THAT ARE CONTROVERTED BY MEISSNER'S AFFIDAVIT.**

CoStar begins its Response with the mistaken premise that the Motion to Dismiss was filed in accordance with Federal Rule of Civil Procedure 12(b)(6), and erroneously contends that "all well pled allegations of [the] complaint are [to be] accepted as true." (Plaintiffs' Opposition to Defendant Meissner's Motion to Dismiss Improper Party and Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively to Transfer Venue (hereinafter referred to as Response) at p.2). This misconception continues throughout its Response. However, there is material difference, applicable in this case, when considering relief under the subsections; that is the Court, in considering a motion to dismiss brought

pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, need **not** accept as true the allegations in the complaint that are controverted by the defendant's affidavit. *See, e.g., Wolf v. Richmond County Hosp. Authority*, 745 F.2d 904 (4th Cir. 1984) ("This argument, however, overlooks the fact that the allegation in the complaint was controverted by defendants' affidavit (compare footnotes two and three *supra*). 'In ruling on a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, **except insofar as controverted by the defendant's affidavit**, must be taken as true.' *Black v. Acme Markets, Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977).") (Emphasis added). CoStar has **not** provided any sworn testimony or credible evidence to refute the affidavit of Meissner. Accordingly, this Court must give deference to the factual statements attested to within the affidavit.

II. **THE LICENSE AGREEMENT, AT ISSUE IN THIS ACTION, IS BETWEEN COSTAR AND TWINKLE APPRAISAL, LLC; THE COMPLAINT, IN ITS CURRENT FORM, DOES NOT SET FORTH ANY BASIS FOR ATTRIBUTING PERSONAL LIABILITY TO MESSNER. MEISSNER IS NOT A PROPER PARTY AND MUST BE DISMISSED.**

CoStar, in its attempt to attribute liability to Meissner, contends that "Meissner simply fails to recognize the wealth of precedent that she can be held personally liable for the conduct she personally engages in, regardless of whether she cloaks herself in the corporate form." (Response at 2.) CoStar, once again, misses a key concept.[1] Under Maryland law, it is well established that a properly-formed corporate entity is legally distinct from its shareholders or members and individual liability does not attach without piercing of the corporate veil or a legal determination disregarding the corporate form. *See, e.g., Bart Arconti & Sons, Inc. v. Ames-Ennis, Inc.*, 340 A.2d 225, 275 Md. 295 (1975). To hold an officer personally liable, there must be established by credible evidence that the individual personally

---

1. The cases cited by CoStar are readily distinguishable. For example, in *Steigerwald v. Bradley*, 229 F. Supp. 2d 445, 450-51 (D. Md. 2002), the statements were made by the court when entering judgment by default for failing to respond to discovery requests and the alternative motion for summary judgment, where the individual also did not respond to the motion. The material allegations were deemed to be true because the individual did not object, which is not the situation in this case.

3

directed or actively participated or cooperated in the tort committed by the corporation. *Shipley v. Perlberg*, 780 A.2d 396, 401 (Md. App. 2001). The "fiduciary shield doctrine" further protects Meissner. Under Maryland law, the doctrine limits reach of the long-arm statute with respect to jurisdiction over an individual who acts solely as representative of corporate entity, rather than on their own behalf, protecting the individual from suit s/he did not personally avail himself/herself of the laws and protection of the state in any meaningful way. *U.S. v. Undetermined Quantities of Articles of Drug*, 145 F.Supp.2d 692 (4th Cir. 2001); *Christian Book Distributors, Inc. v. Great Christian Books, Inc.*, 768 A.2d 719 (Md. App. 2001).

When, as here, plaintiff claims that "personal jurisdiction is predicated on the commission of a tort within the state, the jurisdictional question involves some of the same issues as the merits of the case, and the plaintiff must make a prima facie case on the merits to withstand a motion to dismiss under Rule 12(b)(2)." *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). "Because the plaintiff bears the burden of establishing jurisdiction, he must also make a prima facie showing that the tort occurred in the state" and cannot rely on the bald allegations of the complaint. *Id.* CoStar has failed to make the necessary showing. CoStar once again erroneously relies on the allegations of the Complaint. (*See* Response at 2, "Because CoStar alleges that Meissner personally was involved in the unlawful conduct – in this case, breach of contract, copyright infringement, and fraud – she is subject to personal liability.")

The only relevant evidence presented by CoStar, in response to the instant Motion to Dismiss, is the Declaration of Steven Williams (Williams' Declaration), which contains one statement concerning Meissner's acts relative to the state of Maryland. According to Williams' Declaration,

> CoStar's records show that a person identifying herself as Robin Meissner called CoStar's sales department in Bethesda, Maryland on March 5, 2008, and spoke with Brent Robbins, a Bethesda-based salesperson.

(Williams' Declaration at ¶ 7.) As evident from the attached phone log records, Meissner wanted to discuss the matter further "locally" and the inquiry was "punted" (or transferred) to a local sales contact serving the Tucson, Arizona area. (*Id.* at Exhibit 3.) Although CoStar seems to presume that Meissner must have known that it was a Maryland-based business when she contacted them, it must be noted that CoStar has not provided any evidence to substantiate such a presumption. The evidence is to the contrary - Meissner contacted the company using the toll-free number, 888-226-7404, provided on its website which did not reasonably put her on notice that she was contacting a company in Maryland. (Appendix C, Supplemental Affidavit of Robin Meissner at ¶ 2.) It is common knowledge that the physical location of the call center and its workers is generally unknown to most callers. With the outsourcing of such positions, work-from-home opportunities, as well as the morphing and forwarding of telephone numbers, it would be an untenable exercise of judicial discretion to accept CoStar's theory and unknowingly subject callers to the jurisdiction of distant and inconceivable tribunals, based on one call to a toll-free number. Likewise, a plaintiff cannot establish the commission of a tort simply by citing to the unsworn and unverified allegations of its self-serving complaint.

CoStar has presented **no** credible evidence to establish that Meissner committed a tort within the State of Maryland. Without such, there is no basis for liability against Meissner and she should be dismissed as an improper party, with Twinkle Appraisal, LLC replaced in her stead. CoStar readily acknowledged that the License Agreement was executed by Twinkle Appraisal, LLC, an Arizona limited liability company. (Complaint at ¶¶ 4, 21.) The associated charges for CoStar's services are systematically paid through a business credit card held by Twinkle Appraisal. (Appendix A, Affidavit of Robin M. Meissner, at ¶ 5.) Twinkle Appraisal, LLC is an Arizona limited liability company

organized under the laws of the state of Arizona on December 5, 2005; the company is legally distinct from Meissner personally and has a separate federal tax identification number. (Appendix A at ¶¶ 6-7.)

### III. IT IS UNDISPUTED THAT MEISSNER DOES NOT REGULARLY CONDUCT OR SOLICIT BUSINESS IN THE STATE OF MARYLAND, ENGAGE IN OTHER PERSISTENT COURSE OF CONDUCT IN THE STATE, OR DERIVE SUBSTANTIAL REVENUE FROM MARYLAND-RELATED TRANSACTIONS.

When a nonresident defendant timely challenges the existence of personal jurisdiction and the appropriateness of the selected venue, the plaintiff bears the burden of proving that the Court, in fact, does have personal jurisdiction over the nonresident defendant and that the chosen venue is proper. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *Asco Healthcare v. Heart of Texas Health Care*, 540 F.Supp.2d 634, 640-41 (D. Md. 2008); *Ottenheimer Publishers Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649 (D. Md. 2001). To satisfy this burden, the plaintiff must present facts sufficient to establish a prima facie case of personal jurisdiction and proper venue. *Id.* If the allegations in the complaint are controverted by the affidavit or other evidence provided by the defense, the factual assertions of the defense prevail, unless the plaintiff provides conflicting evidence to support the allegations of the complaint. *Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986); *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982)). "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition." *Carefirst of Maryland v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 403 (4th Cir. 2003) (citations omitted).

In its Response and supporting documents, CoStar does not refute Meissner's sworn testimony concerning her lack of minimum contacts with the State of Maryland or the contacts of Twinkle Appraisal LLC. (*See generally* Response.) This Court, thus, must accept as true, the following facts: (i)

Meissner is a current resident of Marana, Arizona, whose professional and business activities are limited to the State of Arizona; (ii) Meissner has not incurred or remitted taxes outside the state of Arizona; (iii) Meissner has not purposefully availed herself of the benefits of any other state; (iv) Meissner is an independent general real estate appraiser certified by the State of Arizona, who does not provide professional services outside the jurisdictional limits of the State of Arizona; (v) Meissner has never traveled to or entered Maryland for any business or social purpose; (vi) Meissner currently does not have and has not had any meaningful and intentional contact with the State of Maryland; (vii) Meissner does not own, in whole or part, any real property in the State of Maryland; and (viii) Meissner has never incurred or remitted taxes in the state of Maryland. (*See generally* Appendix A.)

This Court also must accept, as true, the following uncontroverted facts: (i) Meissner is the Managing Member of Twinkle Appraisal, LLC, a real estate appraisal firm which operates in Pima County, Arizona; (ii) Twinkle Appraisal, LLC is an Arizona limited liability company organized under the laws of the state of Arizona on December 5, 2005; (iii) Twinkle Appraisal, LLC has its principal place of business in Marana, Arizona; (iv) Twinkle Appraisal, LLC has no investors, board members, shareholders, officers, employees, contractors, or agents in the State of Maryland; (v) Twinkle Appraisal, LLC does not maintain any offices, bank accounts, business addresses, phone numbers or listings in Maryland; (vi) Twinkle Appraisal, LLC does not own, rent, lease, or sublease personal or real property located in Maryland and has no equipment or server there; all equipment is located within the State of Arizona; (vii) Twinkle Appraisal, LLC is neither registered nor licensed to conduct business in Maryland; (viii) Twinkle Appraisal, LLC has not paid or has not been required to pay taxes to the State of Maryland for any reason whatsoever; (ix) Twinkle Appraisal, LLC has not and does not directly solicit customers from Maryland; it has not directly advertised specifically at Maryland or to the

residents of Maryland; (x) Twinkle Appraisal, LLC does not engage in any activity that can be interpreted as doing business in Maryland or directly targeting Maryland residents; and (xi) Twinkle Appraisal, LLC does not transact business or solicit customers over the Internet and does not have a website, accessible to Maryland residents. (*See generally* Appendix A.)

IV. **THE FORUM-SELECTION CLAUSE IS PERMISSIVE AND ITS APPLICABILITY MUST STILL COMPORT WITH THE PRINCIPLES OF DUE PROCESS.**

Next, CoStar contends that "When Meissner first logged on to CoStar's website with the user name and password provided to her, she had to click 'I accept' to Co-Star's Terms of Use, which contained a forum and venue selection clause and consent to jurisdiction in this Court" and cites to unpublished interlocutory decision of this Court to argue that the provisions are enforceable. (Response at 3.) With all due respect for the esteemed members of this Court, the decision is not persuasive or binding on the parties to this action. Maryland, like most courts, applies the standard announced in *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1 (1972), in analyzing the enforceability of forum-selection clauses. *See, e.g., Giannaris v. Cheng*, 219 F.Supp.2d 687 (D. Md., 2002).

In *Bremen*, the Supreme Court held that forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Bremen*, 407 U.S. at 10, 92 S.Ct. 1907. Enforcement is unreasonable only when (1) agreement to the forum-selection clause was induced by fraud or overreaching, (2) "enforcement would contravene a strong public policy of the forum in which suit is brought," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of his day in court." *Id.* at 12-19, 92 S.Ct. 1907. Prior to conducting the *Bremen* analysis, the court must determine whether the forum-selection clause at issue is mandatory or permissive; if the clause is merely permissive, the action need not be brought in the identified forum,

but, if mandatory, it will be enforced as written. *Florida Polk County v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1083 n. 8 (11th Cir. 1999); *Blanco v. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 979 (2d Cir. 1993); *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956-57 (5th Cir. 1974).

The provision, in full, states:

**Jurisdiction**

CoStar is headquartered in the State of Maryland of the United States. These Terms of Use and your use of this Product shall be governed by the laws of the State of Maryland without regard to its conflict of laws principles. The federal and state courts located in the State of Maryland shall be the exclusive jurisdiction for any action brought against CoStar in connection with these Terms of Use or use of the Product. You irrevocably consent to the jurisdiction of the federal and state courts located in the State of Maryland and to the jurisdiction of the federal and state courts located in any State where you are located, for any action brought against you in connection with these Terms of Use or use of the Product.

A careful examination of the foregoing reveals two distinct forum-selection sections, dependent on who is the initiator of the action. The first section applies if the action is brought against CoStar. ("The federal and state courts located in the State of Maryland shall be the exclusive jurisdiction for any action brought against CoStar in connection with these Terms of Use or use of the Product.") The latter section applies if the action is brought against the Licensee. ("You irrevocably consent to the jurisdiction of the federal and state courts located in the State of Maryland and to the jurisdiction of the federal and state courts located in any State where you are located, for any action brought against you in connection with these Terms of Use or use of the Product.")

The first section utilized that term "shall" and is presumably mandatory in nature. *See Eisaman v. Cinema Grill Systems, Inc.*, 87 F. Supp. 2d 446, 449-50 (D. Md. 1999) (and cases cited therein). A mandatory provision is defined as "one containing clear language showing that jurisdiction is appropriate only in the designated forum"; whereas, a permissive forum-selection clause merely permits

jurisdiction in the selected forum without "precluding it elsewhere." *Davis Media Group, Inc. v. Best Western Intern.*, 302 F.Supp.2d 464, 467-68 (D. Md., 2004) (and cases cited therein). The latter section is permissive, as it does not limit or preclude suit to a particular jurisdiction. "A general maxim in interpreting forum-selection clauses is that 'an agreement *conferring* jurisdiction in one forum will not be interpreted as *excluding* jurisdiction elsewhere unless it contains specific language of exclusion.'" *Intracomm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir., 2007) (quoting *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imp. and Distrib., Inc.*, 22 F.3d 51, 53 (2d Cir. 1994)). Because the language is permissive, it has little effect and is not required to be strictly enforced so as preclude removal. If the clause is merely permissive, it has little effect. See *Florida Polk County v. Prison Health Servs., Inc.* 170 F.3d 1081, 1083 n. 8 (11th Cir.1999); *Blanco v. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 979 (2d Cir.1993); *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956-57 (5th Cir. 1974).

Even if the second section can be viewed as mandatory, it is well established that the applicability of the forum-selection clause must still comport with the principles of due process. *Bremen v. Zapata Offshore Co.*, 407 U.S. 1 (1972). Enforcement is unreasonable when "trial in the contractual forum will be so gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of his day in court." *Id.* at 12-19, 92 S.Ct. 1907. As explained in the instant Motion to Dismiss and the supporting exhibits, the burden on Meissner is great. Litigation in Maryland would cause dire financial hardship and undue burden to Meissner and Twinkle Appraisal, LLC and would materially prejudice their ability to defend their interests in this action. (Appendix A at ¶ 11.)

## V. THERE ARE NO MINIMUM CONTACTS TO SUPPORT AN EXERCISE OF PERSONAL JURISDICTION OVER MEISSNER BY A MARYLAND COURT.

Under the minimum contacts analysis, a court must determine whether the nonresident defendant has purposefully availed itself of the privilege of conducting activities within the forum state, thus

invoking the benefits and protections of the state's laws. *Burger King Corp. v. Rudzewiez*, 471 U.S. 462, 476-77, 105 S.Ct. 2174 (1985); *Leather Masters (PVT), Ltd. v. Giampier Ltd.*, 836 F.Supp.328 (D. Md. 1993). A nonresident who does not purposefully avail itself of the privileges and benefits of conducting business in the forum state lacks sufficient contacts to establish personal jurisdiction; the purposeful-availment requirement prevents a nonresident defendant from being unfairly haled into distant forums with which there is little or no connection. *Burger King Corp.*, 471 U.S. at 476-77, 105 S.Ct. 2174; *MaryCLE, LLC v. First Choice Internet, Inc.*, 890 A.2d 818 (Md. App. 2006) (explaining that while the nature of the defendant's contacts with Maryland are important in determining whether the exercise of personal jurisdiction over an out-of-state defendant comports with the due process, the court must additionally consider the relationship among the defendant, the forum, and the litigation to determine whether the defendant should reasonably anticipate being haled into court in Maryland). Meissner did not reasonably anticipate being haled into a Maryland court in her individual or representative capacity on behalf of Twinkle Appraisal, LLC. (Appendix A at ¶ 10.)

CoStar contends that Meissner's alleged tortious conduct resulting in injury in Maryland is sufficient. (Response at 13-14.) However, as explained in Section II *supra*, CoStar's presumption that Meissner should have known that it was a Maryland-based business when she contacted them is unsubstantiated. The relevant evidence indicates that Meissner contacted the company using the toll-free number, 888-226-7404, and at the time did not know where the operator was housed. (Appendix C, Supplemental Affidavit of Robin Meissner at ¶ 2.) CoStar cannot establish the commission of a tort simply by citing to the unsworn and unverified allegations of its self-serving complaint. Accordingly, CoStar has presented no evidence to establish that Meissner committed a tort in Maryland. As explained

in the Motion to Dismiss, and largely uncontroverted by CoStar, neither specific or general jurisdiction is present in this case and dismissal is warranted under Federal Rule of Civil Procedure 12(b)(2).

## VI THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND IS THE IMPROPER VENUE FOR THIS ACTION.

A "civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1400(a) ("Civil actions, suits, or proceedings under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.") The event giving rise to the claims — the unauthorized access of CoStar's products by Codefendant David Arffa through the account opened by Meissner ***using, at times, the same computer*** to access the database and software — occurred in Arizona. (Complaint at ¶¶ 28-29.) If any tort was committed by Meissner, it was committed, in large part, in Marana, Arizona, the physical location of the accessing computer. Venue in a Maryland district court under 28 U.S.C. §§ 1391 and 1400(a) is improper and cannot be sustained; therefore, the complaint should be dismissed for lack of venue or should be transferred to Arizona under 28 U.S.C. § 1404.

## CONCLUSION

For these reasons, Defendant Robin Meissner hereby moves for the dismissal of this case against her as she is not the proper party and she is not subject to the personal jurisdiction of this Court or,

alternatively, that this case be transferred to the United States District Court for the District of Arizona, Phoenix Division, the proper judicial district.

RESPECTFULLY submitted this 5th day of January 2009.

**ONISILE LAW FIRM, P.L.L.C.**

/s/
Olabisi Onisile, Bar No. 16152
1928 E. Highland Ave., Suite F104-472
Phoenix, Arizona 85016
Tel: (602) 751-0052 / Fax: (602) 445-4967
Email: Olabisi@Onisilelaw.com
(Attorney for Defendant Robin Meissner)

**APPENDICES**

Appendix C:
Supplemental Affidavit of Robin Meissner

**APPENDIX C**

# AFFIDAVIT OF ROBIN M. MEISSNER

| STATE OF ARIZONA | ss |
| County of Pima | |

I, ROBIN M. MEISSNER, being first duly sworn, upon my oath, deposes, and states:

1. I am an adult of the age of eighteen or older.

2. When I contacted the CoStar in March 2008, I called the toll-free number, 888-226-7404, provided on its website. I did not know, at that time, that I was contacting a company in Maryland. I did not know where the operator was housed.

FURTHER AFFIANT SAYETH NAUGHT

Dated this 5th day of January 2009.

_____
Robin M. Meissner

SUBSCRIBED AND SWORN TO before me, the undersigned authority, this 5th day of January 2009, by **ROBIN M. MEISSNER**.

_____
Notary Public

OFFICIAL SEAL
SHARON GARCIA
NOTARY PUBLIC – ARIZONA
PIMA COUNTY
My Comm. Expires 05-12-2012

My commission expires:
5/12/2012

# CERTIFICATE OF SERVICE

I hereby certify that service required by Fed.R.Civ.P. 5 was made, and that a true copy of the above document was served upon the attorneys of record by electronically filing the document with the Clerk of Court using the CM/ECF system, which caused a Notice of Electronic Filing (NEF) to be sent to the following on January 5, 2009:

William J. Sauers
Shari Lahlou
Crowell and Moring, LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

**ONISILE LAW FIRM, P.L.L.C.**

/s/
Olabisi Onisile, Bar No. 16152
1928 E. Highland Ave., Suite F104-472
Phoenix, Arizona 85016
Tel: (602) 751-0052 / Fax: (602) 445-4967
Email: Olabisi@Onisilelaw.com
(Attorney for Defendant Robin Meissner)