# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC. and COSTAR GROUP, INC., <br><br> Plaintiffs, <br> v. <br><br> DAVID ARFFA and ROBIN MEISSNER, <br><br> Defendants. | Civil Action No. 8:08-CV-02766 <br><br><br> (Honorable Deborah K. Chasanow) |

## ANSWER OF DEFENDANT ROBIN MEISSNER

Defendant Robin Meissner ("Meissner"), by and through undersigned counsel, hereby submits her Answer to Plaintiffs' Complaint. Meissner specifically denies all allegations, purported statements of fact and/or law, and inferences that can be drawn which are directly or indirectly contrary to the express admissions and/or denials contained herein. Meissner hereby admits, denies and alleges as follows:

### AS TO "PARTIES"

1. Meissner denies each and every allegation contained in Paragraph 1 of Plaintiffs' Complaint, except admits that CoStar Realty Information, Inc., holds itself out as being a Delaware corporation with its principal place of business in Bethesda, Maryland. Meissner is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained therein and denies the same.

2. Meissner denies each and every allegation contained in Paragraph 2 of Plaintiffs' Complaint, except admits that CoStar Group, Inc, holds itself out as being a Delaware corporation with its principal place of business in Bethesda, Maryland.

3. No response is required to the allegations contained in in Paragraph 3 of Plaintiffs' Complaint, as they are directed at a party other than Meissner. To the extent a response is required, it is admitted that Arffa Appraisal is located in 6050 N. Oracle Drive, Suite B, Tucson, Arizona, 85704.

4. Meissner denies each and every allegation contained in Paragraph 4 of Plaintiffs' Complaint, except admits that she is an Arizona resident.

## AS TO "JURISDICTION AND VENUE"

5. The allegations contained in Paragraph 5 of Plaintiffs' Complaint set forth legal conclusions for which no response is required. To the extent a response might be deemed required, Meissner admits that Plaintiffs are attempting to invoke federal question and subject matter jurisdiction of this Court. Meissner denies that such jurisdiction is proper and strict proof is therefore demanded.

6. The allegations contained in Paragraph 6 of Plaintiffs' Complaint set forth legal conclusions for which no response is required. To the extent a response might be deemed required, Meissner admits that Plaintiffs are attempting to invoke diversity and supplemental jurisdiction of this Court. Meissner denies that such jurisdiction is proper and strict proof is therefore demanded.

7. The allegations contained in Paragraph 7 of Plaintiffs' Complaint set forth legal conclusions for which no response is required. Meissner continues to deny that venue is proper in this District, and therefore denies each and every allegation herein. Strict proof is therefore demanded.

8. The allegations contained in Paragraph 8 of Plaintiffs' Complaint set forth legal conclusions for which no response is required. No response is further required to these

allegations as they are directed at a party other than Meissner. To the extent a response might be deemed required, these allegations are denied and strict proof is therefore demanded.

9. Meissner denies each and every allegation contained in Paragraph 9 of Plaintiffs' Complaint and strict proof is therefore demanded. The allegations contained in Paragraph 9 of Plaintiffs' Complaint further set forth legal conclusions for which no response is required.

## AS TO "BACKGROUND"

10. Meissner is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint, and therefore denies the same. Strict proof is therefore demanded.

11. Meissner is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 of Plaintiffs' Complaint, and therefore denies the same. Strict proof is therefore demanded.

12. Meissner is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of Plaintiffs' Complaint, and therefore denies the same. Strict proof is therefore demanded.

13. Meissner is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of Plaintiffs' Complaint, and therefore denies the same. Strict proof is therefore demanded.

14. Meissner is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of Plaintiffs' Complaint, and therefore denies the same. Strict proof is therefore demanded.

15. Meissner is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 15 of Plaintiffs' Complaint, and therefore denies the same. Strict proof is therefore demanded.

16. Meissner is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 of Plaintiffs' Complaint, and therefore denies the same. Strict proof is therefore demanded.

17. Meissner is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 17 of Plaintiffs' Complaint, and therefore denies the same. Strict proof is therefore demanded.

18. Meissner is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 of Plaintiffs' Complaint, and therefore denies the same. Strict proof is therefore demanded.

19. Meissner is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of Plaintiffs' Complaint, and therefore denies the same. Strict proof is therefore demanded.

20. Meissner is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of Plaintiffs' Complaint, and therefore denies the same. Strict proof is therefore demanded.

**AS TO "EVENTS GIVING RISE TO THE LAWSUIT"**

21. Meissner is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of Plaintiffs' Complaint, and therefore denies the same. Strict proof is therefore demanded.

22. Meissner is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of Plaintiffs' Complaint, and therefore denies the same. Strict proof is therefore demanded.

23. No response is required to the allegations contained in Paragraph 23 of Plaintiffs' Complaint, as they are directed at a party other than Meissner. To the extent a response is required, the allegations are denied and strict proof is therefore demanded.

24. Meissner is without knowledge or sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of Plaintiffs' Complaint, and therefore denies the same. Strict proof is therefore demanded.

25. No response is required to the allegations contained in Paragraph 25 of Plaintiffs' Complaint, as they are directed at a party other than Meissner. To the extent a response is required, the allegations are denied and strict proof is therefore demanded.

26. Meissner denies each and every allegation contained in Paragraph 26 of Plaintiffs' Complaint, and strict proof is therefore demanded.

27. Meissner denies each and every allegations contained in Paragraph 27 of Plaintiff's Complaint, except admits that on or about March 11, 2008, she signed, on behalf of Twinkle Appraisal, LLC, a one-year contract to acquire access to CoStar COMPS® in the Phoenix and Tucson markets.

28. Meissner denies each and every allegation set forth in Paragraph 28 of Plaintiffs' Complaint, and strict proof is therefore demanded.

29. Meissner denies each and every allegation set forth in Paragraph 29 of Plaintiffs' Complaint, and strict proof is therefore demanded.

## AS TO "COUNT I"
## BREACH OF CONTRACT BY MEISSNER

30. Meissner re-alleges and incorporates herein by reference her answers to the allegations contained in Paragraphs 1 through 29 of the Complaint.

31. The allegations set forth in Paragraph 31 of Plaintiffs' Complaint do not set forth any factual allegations but rather constitute a legal conclusion, and therefore, Meissner is not required to answer same. To the extent a response is required, the allegations are denied and strict proof is therefore demanded.

32. Meissner denies the allegations set forth in Paragraph 32 of Plaintiffs' Complaint and strict proof is therefore demanded.

33. Meissner denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint and strict proof is therefore demanded.

## AS TO "COUNT II"
## BREACH OF CONTRACT BY ARFFA

34-37. No response is required to the allegations contained in Paragraphs 34-37 of Plaintiffs' Complaint, as they are directed at parties other than Meissner. To the extent a response is required, Meissner denies the allegations contained in these paragraphs, and strict proof is therefore demanded.

## AS TO "COUNT III"
## DIRECT COPYRIGHT INFRINGEMENT BY ARFFA

38-45. No response is required to the allegations contained in Paragraphs 38 through 45 of Plaintiff's Complaint as they are directed at parties other than Meissner. To the extent a response is required, Meissner denies the allegations contained in these paragraphs, and strict proof is therefore demanded.

## AS TO "COUNT IV"
## CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT BY MEISSNER

46. Meissner re-alleges and incorporates herein by reference her answers to the allegations contained in Paragraphs 1 through 45 of the Complaint.

47. Meissner denies the allegations set forth in Paragraph 47 of Plaintiffs' Complaint, and strict proof is therefore demanded.

48. Meissner denies each and every allegation contained in Paragraph 48 of Plaintiffs' Complaint, except admits that her company – Twinkle Appraisals LLC—possessed a CoStar user name and password.

49. Meissner denies the allegations set forth in Paragraph 49 of Plaintiffs' Complaint, and strict proof is therefore demanded.

50. The allegations set forth in Paragraph 50 of Plaintiffs' Complaint amount to conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is therefore demanded.

51. The allegations set forth in Paragraph 51 of Plaintiffs' Complaint amount to conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is therefore demanded.

52. Meissner denies the allegations set forth in Paragraph 52 of Plaintiffs' Complaint and strict proof is therefore demanded.

53. Meissner denies the allegations set forth in Paragraph 53 of Plaintiffs' Complaint and strict proof is therefore demanded.

54. The allegations set forth in Paragraph 54 of Plaintiffs' Complaint amount to conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is therefore demanded.

55. The allegations set forth in Paragraph 55 of Plaintiffs' Complaint amount to conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is therefore demanded.

## AS TO "COUNT V"
## FRAUD BY ARFFA AND MEISSNER

56. Meissner re-alleges and incorporates herein by reference her answers to the allegations contained in Paragraphs 1 through 55 of the Complaint.

57. The allegations set forth in Paragraph 57 of Plaintiffs' Complaint amount to conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is therefore demanded.

58. Meissner denies the allegations set forth in Paragraph 58 of Plaintiffs' Complaint and strict proof is therefore demanded.

59. The allegations set forth in Paragraph 59 of Plaintiffs' Complaint amount to conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is therefore demanded.

## AS TO "COUNT VI"
## VIOLATION OF § 18 U.S.C. 1030;
## FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS

60. Meissner re-alleges and incorporates herein by reference her answers to the allegations contained in Paragraphs 1 through 59 of the Complaint.

61. The allegations set forth in Paragraph 59 of Plaintiffs' Complaint amount to conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is therefore demanded.

62. Meissner denies the allegations set forth in Paragraph 62 of Plaintiffs' Complaint and strict proof is therefore demanded.

63. Meissner denies the allegations set forth in Paragraph 63 of Plaintiffs' Complaint and strict proof is therefore demanded.

64. The allegations set forth in Paragraph 64 of Plaintiffs' Complaint amount to conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof is therefore demanded.

## GENERAL DENIAL

Meissner denies all allegations set forth in the Complaint to which she did not expressly admit.

## PRAYER FOR RELIEF

WHEREFORE, Meissner specifically denies liability for the conduct alleged, and specifically denies that Plaintiffs would be entitled to any relief set forth in sub-paragraphs (1) through (9) (misnumbered) of their Prayer for Relief. Meissner additionally asks that this Court:(1) Dismiss Plaintiffs' Complaint as against Meissner; (2) Enter judgment against Plaintiffs and in favor of Meissner for costs and attorneys' fees expended in connection with Plaintiff's Complaint; and (3) Grant Meissner such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Meissner demands a trial by jury of all claims.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, Meissner alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred based on the doctrines of jurisdiction and standing because Meissner was not in contractual privity with Plaintiffs, and because Meissner individually is not the real or proper party in interest.

## THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, Meissner has acted in good faith and has not violated any rights which may be secured to Plaintiffs under any federal, state, or local laws, rule, regulations or guidelines.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim are barred, to the extent that discovery may show that Plaintiffs engaged in misconduct prior, during or in connection with the investigation into the claims giving rise to this lawsuit.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim because any alleged injuries or harm were caused by the acts or omissions of others for which Meissner is not legally responsible.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by estoppel, release, laches, waiver, accord or satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Meissner reserved the right to assert any and all other affirmative defenses set forth in Rule 8(c) or Rule 12(b) of the Federal Rules of Civil Procedure to the extent that they are supported by the evidence obtained through discovery, including but not limited to: lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process, and failure to join a party under Federal Rules of Civil Procedure 19.

**ONISILE LAW FIRM, P.L.L.C.**

/s/
Olabisi Onisile, Bar No. 016152
1928 E. Highland Ave., Suite F104-472
Phoenix, Arizona 85016
Tel: (602) 751-0052 / Fax: (602) 445-4967
Email:  olabisi@onisilelaw.com
(*Attorney for Defendant Robin Meissner*)


/s/
_____
Timothy W. Romberger
Fed. Bar No. 014408
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C.  20046
(202) 248-5053
(202) 478-0456 Fax
Email: timromberger1@comcast.net
(*Local Counsel for Robin Meissner*)

Date:   March 20, 2009